UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENSINGTON APARTMENT PROPERTIES, LLC,<br><br>        Plaintiff,<br><br>      v.<br><br>LOANVEST IX, L.P., et al.,<br><br>        Defendants. | Case No. 19-cv-05749-VC<br><br>**ORDER GRANTING MOTION TO WITHDRAW REFERENCE**<br><br>Re: Dkt. No. 1 |

        Kensington's motion to withdraw the reference to the bankruptcy court is granted.[1] While the case is related to Kensington's bankruptcy, the causes of action all arise under California law. *See* Notice of Removal and Complaint at 13-18, *Kensington v. Loanvest IX*, No. 17-4018 (Bankr. N.D. Cal. 2017), Dkt. No. 1-1; Order Denying Motion to Remand at 5, No. 17-4018, Dkt. No. 22 (explaining that the claims could have arisen outside a bankruptcy case, but that the court nonetheless had "related to" jurisdiction). The case proceeded in the bankruptcy court, and the court denied summary judgment as to Kensington's claims for breach of contract, usury, failure to provide payoff demand statements, and money had and received. *See* Order on Motions for Summary Judgment, No. 17-4018, Dkt. No. 187; Order Granting Motion to Amend, No. 17-4018, Dkt. No. 198. The case is ready to proceed to trial on these state-law claims, and Kensington has not consented to the bankruptcy court's jurisdiction, so a withdrawal of reference is appropriate. *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) ("We . . . conclude that bankruptcy courts cannot conduct jury trials on noncore matters, where the parties

---

[1] The defendants have not filed an opposition to the motion to withdraw the reference.

have not consented."); 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."); *id.* § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial . . . with the express consent of all the parties.").

Because the bankruptcy court lacks authority to enter final judgment on its summary judgment rulings, Kensington is ordered to submit the rulings, along with all relevant briefs, to this Court for review within 14 days of this order. *See* 28 U.S.C. § 157(c)(1) ("A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."); Fed. R. Bankr. P. 9033 ("Section 157(c)(1) of title 28 requires a bankruptcy judge to submit proposed findings of fact and conclusions of law to the district court when the bankruptcy judge has heard a non-core proceeding.").

**IT IS SO ORDERED.**

Dated: January 27, 2020

VINCE CHHABRIA
United States District Judge