UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENSINGTON APARTMENT PROPERTIES, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOANVEST IX, L.P., et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-05749-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES AND COSTS**<br><br>Re: Dkt. No. 204 |

　　　　The request for attorneys' fees is denied, and the request for costs is granted in part. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, and the arguments made by the parties.

　　　　1. Kensington prevailed on its reorganization plan, on the theory that Loanvest was wrong to collect as much as it did from Kensington under the plan. *See* Dkt. No. 191 at 5. That is the only contract that Kensington could have prevailed on, because the plan effectively replaced the note as the operative contract between the parties. *See In re Pan American General Hospital, LLC*, 385 B.R. 855, 865–66 (Bankr. W.D. Tex. 2008). But the plan lacks an appropriate fee-shifting provision, and Kensington does not argue otherwise. So section 1717 of the California Civil Code does not apply, and Kensington must pay its own fees by default. *See* Cal. Civ. Code § 1717(a).

　　　　Even if Kensington could somehow recover under the note's fee-shifting clause, the Court would seriously consider denying Kensington's request for fees outright. It's unclear from this record whether Kensington ever meaningfully communicated to Loanvest, prior to this

lawsuit, that the law entitled Kensington to an offset based on the payment by Landmark. Nor is it clear why Kensington didn't seek an early ruling to that effect from the bankruptcy court. Had Kensington asserted itself early on with respect to this issue, it seems at least possible that this litigation could have been avoided altogether.

Finally, even if Kensington could show that it diligently sought to spare everyone this lengthy litigation by promptly asserting its right to an offset, the Court would award fees in an amount dramatically lower than requested. As discussed at the pretrial conference and in the order granting judgment, Kensington failed to move for summary judgment on the offset issue, even though it was a pure legal question and even though such a motion would have ended the case in Kensington's favor. *See, e.g.*, Dkt. No. 215 at 16:2–22, 19:13–20:2, 21:3–15; Dkt. No. 191 at 8; *see also, e.g.*, Dkt. No. 15-7 at 7, 23; Dkt. No. 15-16 at 21. All fees incurred after that point were a total waste; indeed, Kensington's decision caused the defendants to incur unnecessary fees. *See EnPalm, LLC v. Teitler*, 162 Cal. App. 4th 770, 773–75 (2008). And in any event, the amount of requested fees is excessive, given the size of the judgment. *See Wertheim, LLC v. Currency Corp.*, 70 Cal. App. 5th 327, 340 (2021).

2. Kensington's request for costs under Rule 54(d) of the Federal Rules of Civil Procedure is granted in part. Kensington is entitled to costs because it secured an enforceable judgment on the merits on its two main claims. *See Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). But because Kensington did not prevail on all of its claims and because it bears significant responsibility for not bringing this case to a close much sooner, Kensington is not entitled to costs spent preparing for trial. *Cf. Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996). So only $8,296.64 in costs will be awarded.

**IT IS SO ORDERED.**

Dated: February 1, 2024

_____
VINCE CHHABRIA
United States District Judge